IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOAQUIN TERRERO,

    Plaintiff,

vs.

UNITED STATES OF AMERICA;
HARRELL WATTS, National Inmate
Appeals Coordinator; R. L. MATTHEWS,
Regional Director, Federal Bureau of
Prisons; D.L. HOBBS, Warden;
Chaplin LAMB and Chaplin FOX,
individually and in their official capacities,

    Defendants.

CIVIL ACTION NO.: CV202-134

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Federal Correctional Institution in Jesup, Georgia, has filed an action pursuant to 28 U.S.C.A. § 1331 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C.A. §1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C.A. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint

or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that prison officials have inhibited his right to practice his religion during his incarceration. Plaintiff is a member of the Jewish faith, and he alleges that prison officials did not allow him to properly observe the Jewish festival of Sukkot. He also alleges that he was deprived of eating Challah bread during Sabbath prayers. Finally, Plaintiff alleges that the chaplains at the prison denied him equal protection by not contracting with a rabbi to come to the prison.

Plaintiff names the United States as a defendant in his complaint. However, a Plaintiff cannot maintain a <u>Bivens</u> suit against the United States, absent its consent to be sued. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 68, 122 S. Ct. 515, 522, 151

2

L. Ed.2d 456 (2001). Therefore, Plaintiff's claim against the United States should be **DISMISSED**.

Plaintiff's cognizable claims are addressed in an Order of even date.

So **REPORTED** and **RECOMMENDED**, this 22nd day of October, 2002.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

JOAQUIN TERRERO )

vs )  CASE NUMBER  CV202-134

USA, ETAL )  DIVISION  BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 10/22/02, which is part of the official record of this case.

Date of Mailing:  10/22/02

Date of Certificate  ☐ same date,  or  SAME

Scott L. Poff, Clerk

By: NITA ROSE
Deputy Clerk

Name and Address
JOAQUIN TERREO  FED SATELLITE LOW  JESUP, GA. 31599

☐ Copy placed in Minutes
☐ Copy given to Judge
☐ Copy given to Magistrate