FILED
COURT
BRUNSWICK DIV.

2003 SEP -8  P 2: 33

CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOAQUIN TERRERO,

    Plaintiff,

vs.                                CIVIL ACTION NO.: CV202-134

HARRELL WATTS, National Inmate
Appeals Coordinator; R. L. MATTHEWS,
Regional Director, Federal Bureau of
Prisons; D.L. HOBBS, Warden;
Chaplin LAMB and Chaplin FOX,
individually and in their official capacities,

    Defendants.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at the Federal Satellite Low Prison Camp in Jesup, Georgia, has filed an action pursuant to 28 U.S.C.A. § 1331, Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), the Religious Land Use and Institutionalized Persons Act of 2000, and the Religious Freedom and Restoration Act of 1993[1], contesting the conditions of his confinement. Defendants Lamb and Fox (hereafter "Defendants") filed a Motion to Dismiss, (Doc. No. 29), and

---

[1] In City of Boerne v. Flores, 521 U.S. 507, 117 S. Ct. 2157, 138 L. Ed.2d 624 (1997), the Supreme Court determined that the Religious Freedom and Restoration Act of 1993 exceeded Congress' enforcement powers under § 5 of the Fourteenth Amendment and, thus, was unconstitutional  Accordingly, any further discussion on this Act is unnecessary.

AO 72A
(Rev 8/82)

Plaintiff has filed a Response (Doc. No. 38). Defendants also filed a Reply to Plaintiff's Response. (Doc. No. 43.) For the reasons which follow, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants have substantially burdened the free exercise of his religion. Plaintiff, a prisoner who practices Judaism, specifically alleges that during a festival called "Sukkot," all observant Jews are to eat all of their meals in a temporary tent structure ("Sukkah") for the entire seven days of this festival. Plaintiff also alleges that Jews are to make special blessings over four specific plant species. Plaintiff asserts he made oral and written requests in sufficient time to prepare for the festival, but prison officials, particularly Defendant Lamb, ignored these requests. Plaintiff alleges that the Sukkah was not built until the fifth day of the festival, he was not able to have the plant species he needed, and he was only able to eat one of his three daily meals in the Sukkah.

Defendants allege that Plaintiff's allegations do not rise to the level of constitutional violations because their actions are supported by a rational basis. In the alternative, Defendants assert that, even if Plaintiff's constitutional rights were violated, they are entitled to qualified immunity.

## STANDARD OF DETERMINATION

When a defendant files a motion to dismiss, the court must construe the plaintiff's complaint liberally, taking all facts alleged by the plaintiff as true. Miree v. DeKalb County, 433 U.S. 25, 27, n.2, 97 S. Ct. 2490, 2492, n.2, 53 L. Ed.2d 557 (1977); Blum v. Morgan Guar. Trust Co., 709 F.2d 1463, 1466 (11th Cir. 1983). As the Supreme Court noted in

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957):

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

See also Wetzel v. Hoffman, 928 F.2d 376, 377 (11th Cir. 1991); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102). The granting of a motion to dismiss is disfavored and rare. Covad Communications Co. v. BellSouth Corp., 299 F.3d 1272, 1279 (11th Cir. 2002).

## DISCUSSION AND CITATION OF AUTHORITY

### I. Plaintiff Has Not Alleged That His First Amendment Rights Were Unconstitutionally Burdened.

Convicted prisoners do not forfeit their First Amendment right to the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S. Ct. 2400, 2404, 96 L. Ed.2d 282, 289 (1987); Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081-82, 31 L. Ed.2d 263, 268 (1972). However, lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system. O'Lone, 482 U.S. at 348, 107 S. Ct. at 2404. In addition, courts are to give great deference to prison officials "who are actually charged with and trained in the running of" prisons. Id. at 349, 107 S. Ct. at 2404.

To determine whether a prison practice or regulation infringes upon a prisoner's constitutionally protected freedoms, a court must first determine whether the prisoner is sincere in his asserted belief; if so, a court must then determine whether the practice or

regulation infringes on the prisoner's free exercise of religion. If both prongs are satisfied, a court must determine whether the practice is reasonably related to legitimate penological interests. Martinelli v. Dugger, 817 F.2d 1499, 1503 (11th Cir. 1987). In Turner v. Safley, 482 U.S. 78, 89-91, 107 S. Ct. 2254, 2261-2263, 96 L. Ed.2d 64 (1987), the Supreme Court identified four factors that guide the determination of whether such a regulation or practice is reasonable:

> (1) whether there is a valid, rational connection between the prison regulation and the legitimate governmental interest put forth to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) the impact that accommodation of the asserted constitutional right will have on guards, other inmates, and on the allocation of prison resources; and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at de minimis costs to valid penological interests.

Defendants contend that each of Plaintiff's requests regarding the celebration of the Sukkot festival were addressed by prison officials. (Defs.' Mem., p. 5.) Defendants assert that a Sukkah (a tent-like structure) was built for Plaintiff and placed in an area in which prison officials could keep Plaintiff under surveillance. Defendants also assert that Plaintiff was limited to eating one meal a day in the Sukkah because the chaplains relied on the Bureau of Prisons' guidelines. Defendants allege that Plaintiff, along with other Jewish inmates, were allowed to pray in the chapel as an alternative after the Sukkah was blown down due to high winds. Finally, Defendants aver that Plaintiff did not receive the four plant species he requested and that matzah bread was used as a substitute for challah bread based upon budgetary concerns. (Id. at 5-6.)

Plaintiff contends that the free exercise of his religion has been substantially burdened due on Defendants' actions. (Pl.'s Resp., p. 7.) Plaintiff asserts that he has

4

sincerely held beliefs, and, as a result, Defendants must justify their restrictions on his free exercise rights. To do so, Plaintiff alleges, Defendants must show that the restrictions are reasonably related to legitimate penological interests. Plaintiff avers that no such showing can be made, as the items he requested would have been provided without cost to the prison. (Id.)

Even if Defendants infringed upon Plaintiff's First Amendment rights, Defendants have set forth legitimate penological interests to justify their actions. Defendants allege that the Sukkah which Plaintiff requested to be built was placed in an area where prison officials could keep Plaintiff under surveillance.[2] When the Sukkah was blown down due to high winds, Defendants offered a reasonable alternative to Plaintiff and other Jewish inmates. Additionally, Defendants' proffered reason for allowing Plaintiff to eat only one meal a day on the Sukkah, i.e., reliance on BOP regulations, is a legitimate penological interest. Finally, Defendants' assertion that the items which Plaintiff requested were not provided to him due to budgetary concerns appears to be defeated by Plaintiff's assertions that Defendants were aware that these items would be provided free of charge. (Compl., pp. 8-9). However, Defendants actions are entitled to great deference, as these Defendants, and other prison officials, are actually trained in and charged with the running of prisons. O'Lone, 482 U.S. at 349, 107 S. Ct. at 2404. Defendants provided Plaintiff an alternative to the challah bread he alleges is fundamental to his religious practices. Moreover, officials at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"),

---

[2] Despite Plaintiff's contention that he is in a low security camp where there is no "controlled movement" and inmates are allowed free movement during certain hours of the day, (Compl., p. 9), Plaintiff is nonetheless a prisoner and his security, as well as that of all inmates, would be a concern for prison officials.

5

face decisions on a daily basis that will have an effect on *every* inmate, not just Plaintiff. Undoubtedly, Defendants were concerned with matters in addition to their budget restraints when Plaintiff's requests for the plant species and the challah bread were not met to his specifications. As a result, it appears that what Defendants did offer Plaintiff– an accommodation– was reasonable in light of First Amendment jurisprudence, especially in the context of day-to-day prison administration.

### II.     Plaintiff Has Not Shown That He Has Been Denied Equal Protection.

To sustain an equal protection claim, a prisoner must establish that he is similarly situated to other religious groups within the prison and that the Bureau of Prisons engaged in invidious discrimination against him based upon religion or some other constitutionally protected interest. Damiano v. Fla. Parole and Probation Comm'n, 785 F.2d 929, 932-33 (11th Cir. 1986). To prevail on a claim advanced pursuant to the equal protection clause, a plaintiff must prove that the decisions are based upon a discriminatory purpose. McCleskey v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed.2d 262 (1987). A plaintiff must set forth more than "bare allegations of malice" to establish said constitutional claim. Crawford-El v. Britton, 523 U.S. 574, 588, 118 S. Ct. 1584, 1592, 140 L. Ed.2d 759 (1998).

Defendants assert that Plaintiff has failed to adequately allege that they engaged in invidious discrimination or had an improper motive by failing to provide rabbinical services to Jewish inmates. Defendants allege that, because Plaintiff has failed to adequately plead an essential element of his equal protection claim, this claim must fail. (Defs.' Mem., p. 6.)

Plaintiff alleges that there is a "pervasive level of anti-Semitism that exists at the

[Jesup] facility." (Pl.'s Resp., p. 14.) He asserts that he was denied the ability to practice his religion due to a discriminatory animus, not the budgetary reasons to which Defendants cite. Plaintiff avers that numerous Jewish inmates will be called as witnesses to testify about the anti-Semitic practices at FCI Jesup. Finally, Plaintiff contends that only the Jewish inmates are denied an outside clergyman. (Id. at 2.)

Plaintiff has offered nothing in support of his bare allegations that there are rampant anti-Semitic practices at FCI Jesup.[3] This is insufficient to sustain an equal protection claim. Furthermore, as Defendants correctly assert, Plaintiff has misunderstood the standard applied to motions to dismiss. It is irrelevant to a court's determination on these motions that witnesses will be called to testify at trial or about what these witnesses will testify. A court is to look at Plaintiff's allegations and accept them as true. However, Plaintiff's bare allegations in the context of his equal protection claim do not suffice to overcome Defendants' Motion to Dismiss.

### III. Even If Defendants Violated Plaintiff's Constitutional Rights, Their Actions Are Protected Under Qualified Immunity.

The United States Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); see Stough v. Gallagher, 967 F.2d 1523, 1525

---

[3] This argument is belied by Defendants' inclusion as an Exhibit the Declaration of Louis Ford, a chaplain at FCI Jesup. In his Declaration, Chaplain Ford states that the practices about which Plaintiff complained were corrected in September 2002 and that a rabbi has been visiting FCI Jesup on a monthly basis since October 2002. (Doc. No. 32, Ex. D.)

7

(11th Cir. 1992). "If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing his conduct." Harlow, 457 U.S. at 818-19, 102 S. Ct. at 2738. In employing the qualified immunity test, the court must consider the facts in the light most favorable to the plaintiff. Behrens v. Pelletier, 516 U.S. 299, 309, 116 S. Ct. 834, 840, 133 L. Ed. 2d 773 (1996).

In determining whether a Defendant is entitled to qualified immunity, the Supreme Court has determined that, "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered on a more specific level." Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct. 2151, 2155, 150 L. Ed.2d 272 (2001). The Court determined that the first component of the bifurcated test requires a finding that the alleged officer's conduct violated a constitutional right. Id. (citing Siegert v. Gilley, 500 U.S. 226, 232, 11 S. Ct. 1789, 114 L. Ed.2d 277 (1991)). Upon finding, in the light most favorable to Plaintiff, that the alleged actions exhibited a constitutional violation, the Court adhered to the doctrine that the right allegedly violated must be clearly established. Id. at 200, 121 S. Ct. at 2156; Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed.2d 523 (1987). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202, 121 S. Ct. at 2156; Wilson v. Layne, 526 U.S. 603, 615, 119 S. Ct. 1692, 143 L. Ed.2d 818 (1999). The Supreme Court required a more specific finding than one determining that plaintiff's allegations of a constitutional violation satisfied the second component of

8

AO 72A
(Rev 8/82)

qualified immunity because reasonable officers are aware of the general prohibitions on constitutional infringements. Saucier, 533 U.S. at 201, 121 S. Ct. at 2156.

Defendants contend that they were acting within the scope of their chaplaincy duties regarding Plaintiff's requests for the Sukkot holiday, the Sabbath, and for a contract rabbi for the Jewish inmate population. Defendants assert that, because they were acting within the scope of their duties, the burden shifts to Plaintiff to show that his rights were clearly established at the time of the alleged violation. Defendants allege that Plaintiff has failed to meet his burden because he cannot cite to any Supreme Court, Eleventh Circuit, or Supreme Court of Georgia case which imposes a clearly established right to have all of the items he requested at the exact time and place he requested. (Defs.' Mem., pp. 8-10.)

Plaintiff avers that there is no way that a reasonable government official could believe that the Defendants' actions were justified. Plaintiff contends that the reason advanced by Defendants in denying Plaintiff's requests is specious at best, and for this reason, Defendants' Motion to Dismiss should be denied. (Pl.'s Resp., pp. 13-14.)

Plaintiff has failed to meet his burden that Defendants violated his clearly established rights. Defendants offered Plaintiff several accommodations to help meet his requests and religious practices, which was a reasonable response to Plaintiff's situation. While Plaintiff has a clearly established right to the free exercise of his religion, he has failed to show that he has a clearly established right *within the confines of a prison* to: 1) have a Sukkah built to his specifications; 2) eat all three meals in the Sukkah; 3) have the four requested plant species; 4) have challah bread; or 5) be provided with a contract rabbi by the BOP "when he is otherwise given ample opportunity and resources to practice his religion." (Defs.' Mem., p. 10.) Plaintiff has not shown that his clearly established rights

9

were violated. At most, he has shown that prison officials, who face many inmate requests and make decisions about those requests, did not cater to his *specific* desires.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss (Doc. No. 29) be **GRANTED**, and Plaintiff's claims against Defendants Lamb and Fox be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of September, 2003.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev 8/82)

# United States District Court
## Southern District of Georgia

| | | | |
|---|---|---|---|
| TERRERO | ) | | |
| vs | ) | CASE NUMBER | CV202-134 |
| WATTS, ET AL | ) | DIVISION | BRUNSWICK |

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 9/8/03, which is part of the official record of this case.

Date of Mailing:  9/8/03

Date of Certificate  [X] same date, or _____

Scott L. Poff, Clerk

By: _Sherry Taylor_
Sherry Taylor, Deputy Clerk

**Name and Address**

Joaquin Terrero, Federal Satellite Low, 42498-019, 2650 Highway 301 South, Jesup, GA 31599
Rhonda Gelfman
Francisco Gonzalez-Burgos
Lawrence Lee
Deen Strickland
Cary Feldman
Harry Dixon

[X] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate