ORIGINAL

FILED
...ST COURT
.UNSWICK DIV

2003 SEP -8  P 2: 33

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOAQUIN TERRERO,

      Plaintiff,

vs.

HARRELL WATTS, National Inmate
Appeals Coordinator; R. L. MATTHEWS,
Regional Director, Federal Bureau of
Prisons; D.L. HOBBS, Warden;
Chaplin LAMB and Chaplin FOX,
individually and in their official capacities,

      Defendants.

CIVIL ACTION NO.: CV202-134

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Satellite Low Prison Camp in Jesup, Georgia, has filed an action pursuant to 28 U.S.C.A. § 1331, Bivens v. Six Unknown Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971), the Religious Land Use and Institutionalized Persons Act of 2000, the Religious Freedom and Restoration Act of 1993[1], and the First Amendment, contesting the conditions of his confinement. Defendants Hobbs, Watts, and Matthews (hereafter "Defendants") filed a Motion to Dismiss, (Doc. No. 31), and Plaintiff has filed a Response (Doc. No. 38).

---

[1] In City of Boerne v Flores, 521 U.S. 507, 117 S. Ct. 2157, 138 L Ed.2d 624 (1997), the Supreme Court determined that the Religious Freedom and Restoration Act of 1993 exceeded Congress' enforcement powers under § 5 of the Fourteenth Amendment and thus was unconstitutional  Accordingly, any further discussion on this Act is unnecessary

AO 72A
(Rev 8/82)

49

Defendants also filed a Reply to Plaintiff's Response. (Doc. No. 41.) For the reasons which follow, Defendants' Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendants have substantially burdened the free exercise of his religion. Plaintiff, a prisoner who practices Judaism, specifically alleges that during a festival called "Sukkot," all observant Jews are to eat all of their meals in a temporary tent structure ("Sukkah") for the entire seven days of this festival. Plaintiff also alleges that Jews are to make special blessings over four specific plant species. Plaintiff asserts he made oral and written requests in sufficient time to prepare for the festival, but prison officials, particularly Chaplain Lamb, ignored these requests. Plaintiff alleges that the Sukkah was not built until the fifth day of the festival, he was not able to have the plant species he needed, and he was only able to eat one of his three daily meals in the Sukkah.

Defendants allege that the United States and its agencies cannot be held liable for a constitutional violation, absent consent to be sued; accordingly, Defendants contend, Plaintiff's claims against these entities in their official capacities should be dismissed. Defendant Matthews asserts that he should be dismissed from this action because he was not employed by the Bureau of Prisons ("BOP") at the time Plaintiff's constitutional rights were allegedly violated. Defendant Watts contends that he may not be help personally liable to the Plaintiff because this Court lacks personal jurisdiction over him. Finally, Defendants Hobbs, Matthews, and Watts aver that Plaintiff has failed to allege that they were personally involved in the alleged violations of Plaintiff's constitutional rights, and, as a result, they cannot be liable based on respondeat superior principles.

2

## STANDARD OF DETERMINATION

When a defendant files a motion to dismiss, the court must construe the plaintiff's complaint liberally, taking all facts alleged by the plaintiff as true. Miree v. DeKalb County, 433 U.S. 25, 27, n 2, 97 S. Ct. 2490, 2492, n.2, 53 L. Ed.2d 557 (1977); Blum v. Morgan Guar Trust Co., 709 F.2d 1463, 1466 (11th Cir. 1983). As the Supreme Court noted in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957):

> [i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

See also Wetzel v. Hoffman, 928 F.2d 376, 377 (11th Cir. 1991); Arnold v. Board of Educ. of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989) (citing Conley, 355 U.S. at 45-46, 78 S. Ct. at 102). The granting of a motion to dismiss is disfavored and rare. Covad Communications Co. v. BellSouth Corp., 299 F.3d 1272, 1279 (11th Cir. 2002).

## DISCUSSION AND CITATION OF AUTHORITY

**I.    Plaintiff Cannot Maintain His Claims Against Defendants, As His Claims Are Based Solely on a Theory of Respondeat Superior.**

"It is well established in this [C]ircuit that supervisory official are not liable under Bivens for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). However, supervisors "'can be liable. . . when a reasonable person in the supervisor's position would **have known that his conduct infringed the constitutional rights of plaintiff[ ], and his** conduct was causally related to the constitutional violation committed by [the] subordinate.'" Id

3

(quoting Greason v. Kemp, 897 F.2d 829, 836 (11th Cir. 1990)). A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so, or when the supervisor's improper custom or policy resulted in deliberate indifference to constitutional rights. A causal connection can also be established by facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. Id. at 1235. (Internal citations omitted).

Defendants assert that they merely upheld the denials of Plaintiff's requests for the 2001 Sukkot holiday. Defendants contend that Plaintiff seeks to hold them liable solely based on their supervisory positions. Specifically, Defendant Hobbs, the Warden at the Federal Correctional Institution in Jesup, Georgia, alleges that he relied on the staff chaplains to provide adequate and appropriate religious services to the inmate population and individual inmates as called for by their religious needs. (Doc. No. 32, p. 16.) Defendant Hobbs contends that his actions are supported by a BOP policy that "under the general supervision of the warden, chaplains shall schedule and direct the institution's religious activities." Program Statement 5360.08. Defendant Hobbs further contends that the only involvement he had was to sign the Response to Plaintiff's Administrative Remedy request, and, as a result, Plaintiff cannot sustain a constitutional claim against him. Defendant Watts, the National Inmate Appeals Administrator, alleges that Plaintiff's allegations against him cannot stand because merely signing the response to a Central Office Administrative Remedy Appeal does not establish personal involvement. Defendant Matthews, the former Regional Director in the Southeast Regional Office for the Bureau

of Prisons, avers that he was retired from federal service before any events described in the Complaint occurred (Doc. No. 32, Ex. B.)

In his verified Complaint, Plaintiff states that Defendant Matthews was responsible for the denials of Plaintiff's administrative remedy and/or his signature was on the denials. (Doc. No. 38, p. 10.) Plaintiff also contends that Defendants were statutorily obligated to investigate Plaintiff's complaints and to ensure that his constitutionally authorized religious beliefs were being honored. (Id. at 10-11 ) Plaintiff asserts that, because Defendants relinquished their duty to investigate, their Motion to Dismiss should be denied.

A review of Plaintiff's "verified Complaint" does not reveal that he properly alleges that Defendant Matthews signed the denials of his requests, only that the person who held Defendant Matthews' position at the time was responsible for the alleged violations of his constitutional rights. This allegation is insufficient to hold Defendant Matthews responsible in this action, especially in light of his signed affidavit that he was retired from the Bureau of Prisons at the time the events Plaintiff complains of allegedly occurred. (Doc. No. 32, Ex. B ) Moreover, it appears by Plaintiff's Complaint that Defendants Lamb and Fox are the parties Plaintiff alleges are responsible for the infringement of his First Amendment rights. Plaintiff's allegations against Defendants Hobbs and Watts appear to be nothing more than an attempt to hold them responsible based solely on their positions, which is forbidden in Bivens actions. Defendant Hobbs was permitted to rely on the staff chaplains to ensure that the religious needs of the inmates were being met. (Doc. No. 32, p. 16; Program Statement 5360.08.) Additionally, Defendants Hobbs and Watts should not be held liable simply because they signed a grievance or an appeal denying Plaintiff's requested relief. See Vaughn v. Kerley, 897 F. Supp. 1413, 1420 (M.D. Fla. Aug. 7, 1995).

5

AO 72A
(Rev 8/82)

It is unnecessary to address the remaining grounds upon which Defendants have moved for dismissal.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss (Doc. No. 31) be **GRANTED**, and Plaintiff's claims against Defendants Hobbs, Watts, and Matthews be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of September, 2003.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev 8/82)

# United States District Court
## *Southern District of Georgia*

JOAQUIN TERRERO )

vs ) CASE NUMBER CV202-134

HARRELL WATTS, et al ) DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated September 8, 2003, which is part of the official record of this case

Date of Mailing: September 8, 2003

Date of Certificate ☐ same date, or _____

Scott L Poff, Clerk

By: _____
Deputy Clerk

**Name and Address**

Joaquin Terrero, Federal Satellite Low, 42498-019, 2650 Highway 301 South, Jesup, GA 31599
Rhonda F Gelfman, Esq
Francisco Gonzalez-Burgos, Esq
Lawrence B Lee, Esq
C Deen Strickland, Esq
Cary M. Feldman, Esq
Harry D Dixon, Jr, Esq

☒ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate